**STATE**

v.

**Doris M. ARMSTRONG.**

No. 81–551–C.A.

Supreme Court of Rhode Island.

June 16, 1982.

Dennis J. Roberts, II, Atty. Gen., Daniel Schrock, Sp. Asst. Atty. Gen., for plaintiff.

Samuel A. Olevson, Providence, for defendant.

## OPINION

PER CURIAM.

This case is before this court on an order to show cause why the defendant's appeal should not be dismissed. After hearing arguments of counsel on May 6, 1982, we are of the opinion that cause has not been shown.

The defendant Doris M. Armstrong, owner of Maggie & Jiggs Restaurant in Providence, was convicted by a jury of eight counts of conducting a retail business after revocation of her sales-tax permit, in violation of G.L.1956 (1980 Reenactment) § 44–19–6. The defendant has appealed the denial by the trial justice of her motions for a judgment of acquittal and for a new trial.

On April 24, 1980, the State Tax Administrator revoked defendant's sales-tax permit to make retail sales at her restaurant. At trial, a revenue officer for the Division of Taxation testified that he observed retail sales being made at the restaurant on several days in May 1980. Another employee of the Division of Taxation testified that he had also personally observed retail business being conducted on several occasions in April and May 1980.

The defendant introduced no evidence but moved for a judgment of acquittal on the grounds that the state did not prove that it was defendant who had operated the business on the dates in question. The trial justice denied the motion, holding that it was reasonable to infer that there had been no change in ownership of the restaurant before the dates noted in the indictments.

In ruling on a motion for a judgment of acquittal, the trial justice must view the evidence in the light most favorable to the prosecution, drawing every reasonable inference consistent with guilt, without considering the weight or credibility of the evidence. *State v. Dionne*, R.I., 442 A.2d 876, 883 (1982); *State v. McKee*, R.I., 442 A.2d 440, 443 (1982). If the evidence, when viewed in this light, is insufficient to establish guilt beyond a reasonable doubt, the trial justice must grant the motion. *Id.* This court employs the same standard in reviewing the trial justice's decision. *State v. Gazerro*, R.I., 420 A.2d 816, 827 (1980); *State v. McGranahan*, R.I., 415 A.2d 1298, 1301 (1980).

The trial justice's review of the evidence was conducted in accordance with the above standard. The inference that defendant was engaged in retail sales at Maggie & Jiggs Restaurant was supported by relevant evidence, and we shall not disturb the decision of the trial justice on the motion for a judgment of acquittal.

The defendant's second claim challenging the denial of her motion for a new trial is equally unfounded. The trial justice properly evaluated the weight and credibility of the evidence in light of his independent judgment and determined that the evidence was sufficient to allow the jury to find defendant guilty beyond a reasonable doubt. *See State v. McGranahan*, R.I., 415 A.2d 1298 (1980).

The defendant's appeal is denied and dismissed, and the judgment of conviction appealed from is affirmed.